IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 JUL 14 PM 1: 10

CLERK _M Danita_
SO. DIST. OF GA.

MARY SUE M. HAMILTON, as        )
Executrix of the Estates of    )
WILLIE LEE MORGAN AND SUSIE    )
RUTH MORGAN; SARAH J. FLOYD,   )
Individually and as widow of   )
Andrew J. Floyd; and ANDREW    )
K. FLOYD, as Executor of the   )
Estate of ANDREW J. FLOYD;     )
                               )
       Plaintiffs,             )
                               )
vs.                            )        Case No.   CV504-12
                               )
CSX TRANSPORTATION, INC.,      )
                               )
       Defendant.              )
_____)

## O R D E R

Before the Court are Defendant CSX Transportation's Motions in Limine and for Partial Summary Judgment as to the Second Cause of Action of Count I of Plaintiffs Mary Sue M. Hamilton, Sarah J. Floyd, and Andrew K. Floyd's Complaint. (Docs. 20 & 22). Also before the Court are Defendant's Motions for Partial Summary Judgment and Motions in Limine Regarding Lost Wages and Earning Capacity (Docs. 25 & 26), as well as its Motion for Partial Summary Judgment and Motion in Limine Regarding Wrongful Death. (Doc. 16.) After careful consideration and for the following reasons, all of Defendant's motions are **GRANTED**.

## BACKGROUND

In February of 1994, Plaintiffs Susie Ruth Morgan, Sarah J. Floyd, and Andrew K. Floyd brought this action in the United States

District Court for the Northern District of Georgia.[1]  Two months later, the Multi-District Litigation Panel transferred the case to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings.  Approximately nine years later, in February of 2003, it was remanded to the Northern District of Georgia.  That court then transferred the case to this Court.

Plaintiffs base their claims on the Federal Employer's Liability Act ("the FELA"), 45 U.S.C. §§ 51 et seq.  Their Complaint alleges that during the course of Plaintiffs' decedents' employment, Defendant and Defendant's predecessors in interest were negligent in failing to provide a reasonably safe place to work. (Doc. 1 at 3.)  As a result of this negligence, Plaintiffs' decedents were purportedly exposed to "toxic substances including asbestos and asbestos containing materials which caused each if [sic] them to sustain severe injury to their body and respiratory system, resulting in their progressive impairment and disability." (Id. at 5.)

Plaintiffs also assert that Defendant and its predecessors "violated the Locomotive Boiler Inspection Act, in that they failed to provide each of the . . . plaintiffs' decedents with a locomotive and its appurtenances which were in a proper and safe

[1]On February 26, 1999, Plaintiff Susie Ruth Morgan passed away.  In November of 2005, Plaintiffs filed a motion to substitute Mary Sue M. Hamilton as a Plaintiff in this case. That motion was granted by order of Magistrate Judge James E. Graham on December 13, 2005.

condition, and safe to work on or about." (Doc. 1 at 6.) They argue that this failure lead to the types of injuries, impairments and disabilities described above. Finally, Plaintiffs levy claims against Defendant for the wrongful deaths of Mr. Willie Morgan and Mr. Andrew Floyd, alleging that diseases which resulted from the decedents' exposure to asbestos and other toxic substances caused and contributed to their wrongful deaths.

On November 8, 2005, Defendant filed a motion in limine and a motion for partial summary judgment as to Plaintiffs' wrongful death claims. (Doc. 16.) Therein, Defendant contends that Plaintiffs have neglected to provide any evidence to support a wrongful death cause of action. Specifically, it claims that it has yet to receive any expert reports from Plaintiffs linking the deaths of Mr. Willie Morgan and Mr. Andrew J. Floyd to their alleged asbestos exposure.

Two weeks later, Defendant moved for partial summary judgment as to the second cause of action of count one of these Plaintiffs' Complaints. (Docs. 20 & 22.) In these motions, Defendant asserts that Plaintiffs' claims under the former Federal Boiler Inspection Act, now the Locomotive Inspection Act ("the LIA"), 49 U.S.C. § 20701, fail as a matter of law. Particularly, it maintains that Plaintiffs have not established that they performed work on locomotives while they were in use on the line and, therefore, cannot establish a defective condition in violation of the LIA.

3

Alternatively, if Plaintiffs could establish that their decedents worked on a locomotive "in service" or "in use," Defendant contends that they cannot prove (1) that a defective condition existed on the locomotive nor (2) that the condition caused their alleged asbestosis. Additionally, Defendant asks that the Court enter an order instructing Plaintiffs to refrain from mention of their LIA claims at trial.

Finally, on December 14, 2005, Defendant filed motions for partial summary judgment as to Plaintiffs' claims for lost wages and earning capacity. (Docs. 25 & 26.) Specifically, it argues that certain admissions made during discovery demonstrate that Plaintiffs cannot sustain their individual burdens of proof regarding these claims. Plaintiffs have not responded to <u>any</u> of Defendant's motions for partial summary judgment or motions in limine.

**ANALYSIS**

I.   <u>Standard of Review</u>

Summary Judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need

for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56 advisory committee's note).   The Court's analysis ends "where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law." <u>Great Lakes Dredge & Dock Co. v. Miller</u>, 957 F.2d 1575, 1578 (11th Cir. 1992); <u>Real Estate Fin. v. Resolution Trust Corp.</u>, 950 F.2d 1540, 1543 (11th Cir. 1992) (both citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)).   Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322, 106 S. Ct. at 2552; <u>Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div.</u>, 932 F.2d 1384, 1387-88 (11th Cir. 1991).   The substantive law governing the action determines whether an element is essential. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91. Ed. 2d 202 (1986); <u>DeLong Equip. Co. v. Washington Mill Abrasive Co.</u>, 887 F.2d 1499, 1505 (11th Cir. 1989).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, if any, which it believes demonstrate the absence of a genuine issue

of material fact." <u>Celotex</u>, 477 U.S. at 323, 106 S. Ct. 2553.   The

burden then shifts to the nonmovant to establish, by going beyond

the pleadings, that there is a genuine issue as to facts material

to the nonmovant's case.  <u>Thompson v. Metro. Multi-List, Inc.</u>, 934

F.2d 1566, 1583 n.16 (11th Cir. 1991); <u>Chanel, Inc. v. Italian</u>

<u>Activewear of Fla., Inc.</u>, 931 F.2d 1472, 1477 (11th Cir. 1991).  A

dispute of material fact "is 'genuine' . . . if the evidence is

such that a reasonable jury could return a verdict for the

nonmoving party." <u>Liberty Lobby</u>, 477 U.S. at 248, 106 S. Ct. at

2510.   If the nonmoving party's response to the summary judgment

motion consists of nothing more than mere conclusory allegations,

then the court must enter summary judgment in the moving party's

favor.  <u>Pepper v. Coates</u>, 887 F.2d 1493, 1498 (11th Cir. 1989).

"Where the record taken as a whole could not lead a rational trier

of fact to find for the nonmoving party, [then] there is no genuine

issue for trial." <u>Matsushita Elec. Indus.</u>, 475 U.S. at 587, 106 S.

Ct. at 1356.

     In assessing whether Defendant is entitled to summary judgment

in its favor, the Court must review the evidence and all reasonable

factual inferences arising from it in the light most favorable to

Plaintiff.  <u>Welch v. Celotex Corp.</u>, 951 F.2d 1235, 1237 (11th Cir.

1992); <u>Ryder Int'l. Corp. v. First Am. Nat'l. Bank</u>, 943 F.2d 1521,

1523 (11th Cir. 1991).  The Court must avoid weighing conflicting

evidence.  <u>See Liberty Lobby</u>, 477 U.S. at 255, 106 S. Ct. at 2513;

<u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934 (11th Cir. 1987). A mere "scintilla" of evidence supporting the opposing party's position, however, will not suffice. <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." <u>Barfield v. Brierton</u>, 883 F.2d 923, 933-34 (11th Cir. 1989)(citation omitted). Having set forth this standard of review, the Court will now address Defendant's arguments for summary judgment.

II.   <u>Plaintiffs' Wrongful Death Claims</u>

    A.   <u>Defendant's motion for Summary Judgment</u>

        1.   <u>Defendant's motion will be deemed unopposed</u>.

Though the deadline for Plaintiffs' responses to Defendant's motion for summary judgment passed months ago, Plaintiffs have filed nothing with this Court. Because Plaintiffs have not responded to Defendant's motion for summary judgment, the Court finds that it is appropriate to deem Defendant's motion unopposed and thus grant the motion. In so doing, the Court observes that Local Rule 7.5 dictates that failure to respond to a motion for summary judgment within the applicable time period "shall indicate that there is no opposition to the motion." Moreover, pursuant to Local Rule 56.1, because Plaintiffs failed to controvert Defendant's assertion of facts, those assertions are deemed

admitted.

A Court has the power to grant an unopposed motion for summary judgment pursuant to its local rules provided that the non-movant was put on notice that failing to respond to the motion could result in the Court granting the motion for summary judgment as unopposed. See Burton v. City of Belle Glade, 178 F.3d 1175, 1203-04 (11th Cir. 1999); Dunlap v. TransAmerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988). In this case, Plaintiffs were given ample notice that if they did not respond to Defendant's motion for summary judgment within the allotted time frame, the Court could deem Defendant's motion unopposed. The Local Rules, which Plaintiffs' counsel was required to read and understand before they were admitted to practice law in the Southern District of Georgia, put Plaintiffs on notice that failure to respond could result in Defendant's motion being considered unopposed. Moreover, even if Plaintiffs' counsel had forgotten this well-established provision, the Notice sheet this Court gave to Plaintiffs when Defendant filed its motion for summary judgment clearly re-stated that a failure to respond could result in the Court deeming Defendant's motion unopposed. (Doc. 17.)

Given the ample notice provided to Plaintiffs and their failure to respond, the Court finds it appropriate to grant Defendant's motion for summary judgment as unopposed. Thus, summary judgment on the wrongful death claims is appropriate on

8

this ground alone.

      2.   <u>Defendant is entitled to summary judgment on the merits of Plaintiffs' wrongful death claims.</u>

Even if the Court did not grant Defendant's motions for summary judgment based on Plaintiffs' failure to respond, it would be appropriate to grant the motion based on the evidence submitted. As mentioned above, Plaintiffs sued Defendant pursuant to the FELA. In order to prevail, they must prove the traditional elements of negligence: duty, breach, causation, and damages. <u>Adams v. CSX Transp., Inc.</u>, 899 F.2d 536, 539 (6th Cir. 1990); <u>Bagley v. CSX Trans., Inc.</u>, 219 Ga. App. 544, 545 (1995). Defendant argues that Plaintiffs have thus far provided no evidence on the element of causation relative to Mr. Morgan's or Mr. Floyd's alleged wrongful deaths. After a careful review of the evidence available, the Court agrees.

The evidence available as to Willie Morgan shows that he worked for Defendant and its predecessors in Waycross, Georgia from 1934 until his retirement in 1972. Nearly two decades later, in June of 1991, he was diagnosed with asbestosis. On October 19, 1993, twenty-eight months after his asbestosis diagnosis, Mr. Morgan passed away. His death certificate lists his immediate causes of death as Cardiac Arrest and Advanced Prostate Cancer. (Doc. 16, Ex. C at 34.) Other filings document the existence of the heart problems and cancer which led to his death. However, none of those filings discuss whether his alleged asbestos exposure

caused or contributed to the conditions listed on the death certificate. Further, Plaintiffs have offered no evidence linking the alleged exposure to his death.

Similarly, Plaintiffs have failed to come forward with evidence sufficient to support a wrongful death cause of action regarding Mr. Andrew J. Floyd. Discovery documents indicate that Mr. Floyd worked for Defendant and its predecessors for approximately fifty years. He was diagnosed with asbestosis on July 25, 1991 and died less than three years later. His death certificate indicates that he succumbed to a brain tumor and "multi-system failure." (Doc. 16, Ex. G.) Again, Plaintiffs bear the burden of proof of showing that Defendant's negligence either caused or was a contributing factor which led to his death. There is no evidence in the record from which a reasonable trier of fact can infer that Plaintiffs' decedents' alleged exposure to asbestos caused their deaths. Accordingly, Defendant is **GRANTED** judgment as a matter of law on Plaintiffs' wrongful death claims.

B.    Defendant's Motion in Limine as to Wrongful Death

Plaintiffs also failed to respond to Defendant's motion in limine which was included within the motion for partial summary judgment. Therein, Defendant asks that the Court instruct Plaintiffs, Plaintiffs' counsel, and any witnesses to refrain from making any references at trial that tend to attribute their decedents' alleged asbestos exposure to their deaths. Because

10

Plaintiffs cannot recover for wrongful death, any evidence which tends to attribute their decedents' deaths to their alleged asbestos exposure is irrelevant to Plaintiffs' asbestosis cases. Accordingly, Defendant is entitled to have all such evidence excluded from the trial on this matter.  Thus, Defendant's motion in limine as to wrongful death is **GRANTED**.  Should this case proceed to trial, Plaintiffs' counsel is instructed to avoid mentioning, alluding to, or otherwise referencing these matters in opening or closing statements.  This prohibition applies with equal force to the questioning of witnesses and the introduction of evidence.

III. <u>Plaintiffs' Claims Under the Locomotive Inspection Act</u>

    A.   <u>Defendant's motions deemed unopposed</u>

As explained above, the failure to respond to a motion within the applicable time period shall indicate that there is no opposition to that motion.  <u>See</u> Local Rule 7.5.  Defendant filed its motions in limine and for partial summary judgment as to the second cause of action of Count One of Plaintiffs' Complaint on November 22, 2005.  (Docs. 20 & 22.)  Issued with those motions were notices alerting Plaintiffs of the existence of the motions, the date on which responses must be filed, and the possible consequences of a failure to timely respond.  (Docs. 21 & 23.)  The date on which Plaintiffs were required to respond, December 15, 2005, came and went without any word from Plaintiffs on these

11

motions.

Because Plaintiffs failed to respond to Defendant's motions for summary judgment on the LIA claims after receiving ample notice that such failure could result in the motions being deemed unopposed, the Court finds that the motions are due to be granted. Accordingly, the Court finds that dismissal of Plaintiffs' LIA claims is appropriate.   Further, the Court agrees that the instruction requested by Defendant as to these claims should be entered.

B.   Defendant is entitled to partial judgment as a matter of law on the merits of Plaintiffs' LIA claims.

Again, even if the Court did not grant Defendant's motions for partial summary judgment as unopposed, it would do so based on the evidence submitted.   Defendant argues, and the Court agrees, that Plaintiffs have failed to show that the decedents performed work on locomotives while they were in use on the line and, therefore, cannot establish a defective condition in violation of the LIA.

As noted above, the formed Boiler Inspection Act, 45 U.S.C. §§ 22-34, was re-codified as the LIA.   The LIA provides in pertinent part that "[a] railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances – (1) are in proper condition and safe to operate without unnecessary danger of

12

personal injury."[2]  Whether a locomotive is "in use," "in service,"
or on a railroad line is a question of law for the trial court to
decide.  Pinkham v. Maine Cent. R.R. Co., 874 F.2d 875, 881 (1st
Cir. 1989).   "It is well-established that locomotives being
serviced in a place of repair are not 'in use' within the meaning
of the Boiler Inspection Act."  Id.

Plaintiffs have not provided the Court with any evidence
proving that Mr. Morgan was ever around any locomotives or railcars
that were "in use" or "in service" on the railroad's line during
any of the instances in which he alleges he was exposed to
asbestos. (Doc. 22, Ex. C.)  Similarly, the evidence available as
to Mr. Floyd seems to indicate that he worked solely within the
confines of the Waycross shops, never traveling to service a
locomotive that was outside the shop area.  (Doc. 20, Ex. B at 34.)
Accordingly, Plaintiffs' claims are not cognizable as a matter of

---

[2]The BIA was modified in 1994.  The earlier statute, which
was applicable during Plaintiffs' decedents' employment,
similarly provided:
> It shall be unlawful for any railroad to use or permit to be
> used on its line any locomotive unless said locomotive, its
> boiler, tender, and all parts and appurtenances thereof are in
> proper condition and safe to operate in the service to which
> the same are put, that the same may be employed into active
> service of such railroad without unnecessary peril to life or
> limb, and unless said locomotive, its boiler, tender, and all
> parts and appurtenances thereof have been inspected from time
> to time in accordance with the provisions of Sections 22 to 29
> and 31 to 39 of this title, and are able to withstand such
> test or tests as may be prescribed in the rules and
> regulations hereinafter provided for.
> 45 U.S.C. § 23 (1993).

law.  Defendant's motions for partial summary judgment as to the second cause of action of Count One of the Complaint are **GRANTED**.

    C.   <u>Defendant's motion in limine as to the second cause of action</u>

Defendant asks that the Court instruct Plaintiffs, Plaintiffs' counsel, and any witnesses to refrain from alluding to, asking any questions regarding, or introducing any evidence concerning the former Boiler Inspection Act, the LIA, or their claims under those statutes.  As Defendant has been granted judgment as a matter of law on Plaintiffs' claims under the LIA, any reference to those claims or the LIA, in its present or previous form, would be irrelevant.  Thus, Defendant's motions in limine are **GRANTED**.  Should this case proceed to trial, Plaintiffs' counsel is instructed to avoid mention of these matters.

IV.   <u>Plaintiffs' Claims for Lost Wages and Earning Capacity</u>

    A.   <u>Defendant's motions are deemed unopposed</u>.

On December 14, 2005, Defendant filed two final motions for summary judgment arguing that judgment as a matter of law was due to be granted on Plaintiffs' claims for lost wages and earning capacity.  (Docs. 25 & 26.)  That same day, the Clerk's office issued a notice to Plaintiffs regarding those motions.  Though it appears they received notice of the motions, Plaintiffs have not filed a response.  Thus, the Court will treat the motions as if unopposed and the facts asserted therein as if admitted.  Because

14

Plaintiffs do not oppose Defendant's motions for partial summary judgment on their claims for lost wages and earning capacity, those claims are due to be dismissed.

B.   <u>Defendant's motion for summary judgment as to lost wages</u>
     <u>and earning capacity</u>

Though judgment as a matter of law is due to be granted on Plaintiffs' lost wages and earning capacity claims simply because they are unopposed, such judgment is also appropriate on the merits.   Specifically, Defendant argues, and the Court concurs, that Plaintiffs' admissions during discovery demonstrate that they cannot sustain their individual burdens of proof regarding lost wages.[3]   Some proof of lost wages or evidence of future impairment is necessary to sustain claims for lost wages or earning capacity. <u>See</u> <u>O'Brien v. DeKalb-Clinton Counties Ambulance Dist.</u>, U.S. Dist. LEXIS 18014 at *35 (W.D. Mo. 1995); <u>State Farm Mut. Auto. Ins. Co.</u> <u>v. Jinks</u>, 203 Ga. App. 176, 181, 418 S.E.2d 539, 544 (1992). Accordingly, the Court finds that Defendant is entitled to judgment as a matter of law on these claims.   Defendant's motions for partial summary judgment as to Plaintiffs' claims for lost wages and earning capacity are **GRANTED**.

---

[3]Plaintiffs admitted under oath that Mr. Floyd lost no wages.   (Doc. 25 at 7.)   Further, they failed to present any evidence of his pre-death reduced future earning capacity. Similarly, the evidence as to Mr. Morgan indicates that he "enjoyed an on-time retirement."   (Doc. 26 at 7.)

**CONCLUSION**

Defendant has shown in its numerous unopposed summary judgment motions that it is entitled to partial judgment as a matter of law on Plaintiffs' claims for wrongful death, lost wages and earning capacity.  Similarly, Defendant has proven that partial summary judgment is due to be granted as to the second cause of action of Count One of Plaintiffs' Complaint.  Therefore, Defendant's motions for partial summary judgment are **GRANTED**.  As the Court has granted those motions, it also finds that Plaintiffs shall not be allowed to refer to their claims under the LIA and for wrongful death at trial.  Thus, Defendant's motions in limine are **GRANTED** as well.

SO ORDERED, this _14th_ day of July, 2006.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

16